Burlingame *et al. v.* Turner.

---

RUFUS P. BURLINGAME, JOHN B. BURLINGAME, and AQUILLA WREN, appellants *v.* JAMES TURNER, appellee.

*Appeal from Peoria.*

Where a motion is made in the Court below, to set aside an issue as immaterial, the fact should be stated in a bill of exceptions.

It is not the duty of the Court to order a continuance on an affidavit filed, unless a motion is made for such continuance.

It is not the duty of the Circuit Court, of its own motion, to set aside an immaterial issue.

A motion to set aside an immaterial issue, must be made in the Court where the verdict is rendered, if the party wishes to raise the question in the Supreme Court.

Where matters of law and fact are both submitted to the Court for trial, and a jury waived, it is competent for the Court, after having found the issues for the plaintiff, to direct the clerk to assess the damages on a promissory note.

THIS cause was heard in the Court below, at the April term, 1839, the Hon. Daniel Stone presiding.

C. BALANCE and C. WALKER, for the appellants, cited the following authorities :

1 Com. Dig. 40, and authorities there cited ; 1 Chit. Plead. 547, 548, and authorities there cited ; R. L. 349, 483 ; Gale's Stat. 343, 526.

WM. FRISBY and GEO. T. METCALF, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *assumpsit* commenced in the Peoria Circuit Court, in favor of Turner, against Burlingame, Burlin-

game, and Wren. The declaration is in the usual form, on a promissory note made by the defendants below to one Isaac Cushman, and by him, before the note became due, endorsed to Turner. The defendants pleaded *non-assumpsit,* on which issue was joined. They also pleaded usury. To the plea of usury the plaintiff below demurred, and the demurrer was sustained by the Court. The defendants then obtained leave to amend their second plea, which being done, issue was thereupon joined by the plaintiff below. It then appears from the record, that an affidavit was filed in the cause, as if to found an application to the Court for a continuance of the case, to enable the defendants to procure testimony to support the issue of usury. But it no where appears that any motion was made for a continuance, and of course no such motion was overruled.

The record then states that on the day of filing said affidavit, the parties agreed that both matters of law and fact arising in the cause, should be tried by the Court, and after hearing the evidence of both parties respectively, and arguments of counsel, and the Court being fully advised therein, found the issues for the plaintiff, and ordered the clerk to assess the plaintiff's damages, which were accordingly assessed; and thereupon judgment was rendered for the amount so assessed.

The following errors are assigned to reverse this judgment, to wit, 1. The issue joined was immaterial; 2. The Court erred in not granting a continuance; 3. The Court erred in referring the assessment of damages to the clerk.

It does not appear from the record, that any question was ever raised in the Circuit Court, as to the point whether the issue joined on the defendants' amended plea of usury, was immaterial. Had such a point been made on the trial, it ought to have appeared by the bill of exceptions. For any thing that appears on the record, the Circuit Court may have treated the issue as immaterial. It however was not the duty of the Circuit Court, of its own motion, to have set aside the issue.

The second assignment of error is also without foundation. The Court could not, without motion, have granted a continuance.

It was clearly competent for the Court, after having decided the issues in favor of the plaintiff, to require the clerk to assess the damages. The action being on a note for money, the only duty required of the clerk was to calculate the interest—a matter merely of computation.(1)

The judgment of the Circuit Court is affirmed with costs.
*Judgment affirmed.*

*Note,* See Clemson *et al. v.* The State Bank of Illinois, *Ante* 45.

        (1) Rust *v.* Frothingham *et al.,* Breese 258.